**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PSG CR LENDING, LLC,<br>Plaintiff,<br>v.<br>M&B YBL II LLC,<br>Defendant. | CIVIL ACTION<br>NO: 26-8172 |

## COMPLAINT IN MORTGAGE FORECLOSURE

Plaintiff, PSG CR Lending, LLC, by and through its undersigned counsel, Kurtz and Partners P.C., hereby files this Complaint in Mortgage Foreclosure against Defendant, M&B YBL II LLC, and states as follows:

### THE PARTIES

1. Plaintiff, PSG CR Lending, LLC ("Plaintiff"), is a Delaware limited liability company with its principal place of business located at 6711 Columbia Gateway Drive, Suite 130, Columbia, MD 21046.

2. Upon information and belief, Defendant, M&B YBL II LLC ("Defendant"), is a Pennsylvania limited liability company with its principal place of business located at 1349 Lynn Avenue, Suite 186, Bethlehem, PA 18015.

### JURISDICTION

3. Plaintiff's sole member is PSG Lending, LLC (the "Original Lender"), a Maryland limited liability company with its principal place of business located at 6711 Columbia Gateway Drive, Suite 130, Columbia, MD 21046.

4. The Original Lender has two members: PSG Credit REIT, Inc. and PSG Credit DE Blocker, Inc.

5. PSG Credit REIT, Inc. is a Maryland corporation with its principal place of business located at 6711 Columbia Gateway Drive, Suite 130, Columbia, MD 21046.

6. PSG Credit DE Blocker, Inc. is a Delaware corporation with its principal place of business located at 6711 Columbia Gateway Drive, Suite 130, Columbia, MD 21046.

7. As such, Plaintiff is a citizen of the State of Delaware and the State of Maryland.

8. Upon information and belief, based on Defendant's prior representations made to Plaintiff in conjunction with the Loan (as defined below), as well as publicly available information Defendant's ownership structure is as follows:

a. Defendant's sole member is SS 2258 Investors LLC ("Guarantor"), a Pennsylvania limited liability company with its principal place of business located at 1349 Lynn Avenue, Suite 186, Bethlehem, PA 18015.

b. The following individuals and entities are all of the known members of Guarantor:

- Hymie Anteby, who, upon information and belief, is a citizen of State of New York;
- Sam Anteby, who, upon information and belief, is a citizen of State of New York;
- Jack Doueck, who, upon information and belief, is a citizen of State of New York;
- Michael Jemal, who, upon information and belief, is a citizen of State of New York;

- Jack Mehani, who, upon information and belief, is a citizen of State of New York;
- Stephen S. Rahmey, who, upon information and belief, is a citizen of State of New York;
- Mendel Sokol, who, upon information and belief, is a citizen of State of New York;
- Amir Person, who, upon information and belief, is a citizen of the Country of Israel;
- Florence Mahana 2021 Irrevocable Trust, which, upon information and belief, is a traditional trust whose trustee is a citizen of the State of New York;
- Fox Mann Investments LLC, whose members, upon information and belief, are citizens of the State of Florida;
- YBL 2258 Manager LLC; upon information and belief, (i) the YBL 2258 Manager LLC is a Pennsylvania limited liability company with its principal place of business located at 1349 Lynn Avenue, Suite 186, Bethlehem, PA 18015; and (ii) none of its members are citizens of either Maryland or Delaware;
- The Beringer Fund LP; upon information and belief, (i) The Beringer Fund LP is a New York limited partnership with its principal place of business located at 901 East 9th Street, Brooklyn, NY 11230; and (ii) none of its general or limited partners are citizens of either Maryland or Delaware.

9. As such, Defendant is not a citizen of either the State of Delaware or the State of Maryland.

10. Therefore, there is complete diversity of jurisdiction between Plaintiff and Defendant.

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because (i) this action is between citizens of different states and/or a foreign state; and (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**VENUE**

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because (i) substantial part of the events or omissions giving rise to the claim occurred in this district; and (ii) substantial part of property that is the subject of the action is situated in this district.

**FACTS**

**The Loan**

13. The Original Lender made a loan to Defendant in the principal amount of $8,900,000.00 (the "Loan") for the purpose of providing funds to Defendant for the construction of a self-storage facility at the Property (as defined below).

14. The Loan was memorialized by way of, *inter alia*, (i) that certain Loan Agreement by and between the Original Lender, Defendant, and Guarantor dated June 30, 2023 (the "Loan Agreement"); and (ii) that certain Promissory Note dated June 30, 2023 executed by Defendant in favor of the Original Lender (the "Original Note," as amended and modified, the "Note" and, collectively with the Loan Agreement, the Mortgage (as defined below), and certain other documents executed in conjunction with the Loan, the "Loan Documents"). True and correct

copies of the Loan Agreement and the Original Note are attached hereto as *Exhibit 1* and *Exhibit 2*, respectively.

15. To secure its obligations under the Loan Documents, Defendant executed that certain Open-End Mortgage, Assignment of Leases and Rents, and Security Agreement dated June 30, 2023 (the "Mortgage") in favor of the Original Lender. A true and correct copy of the Mortgage is attached hereto as *Exhibit 3*.

16. The Mortgage was duly recorded on July 5, 2023 with the Recorder of Deeds for Philadelphia County, Pennsylvania as Document No. 54197942.

17. The Mortgage encumbers certain real property with the street address of 2258 East Tioga Street, Philadelphia, Pennsylvania, Tax Parcel ID No. 88-4-0000-70, more particularly described in Exhibit A to the Mortgage. *See Exhibit 3* at Ex. A.

18. Under the terms of the Loan Documents, Defendant was required to, *inter alia*, (i) make monthly interest-only payments at the rate specified in the Note; and (ii) pay the full amount of the Loan principal, unpaid interest, and all other fees by the Maturity Date (as defined in the Note and below). *See Exhibit 1* at § 2; *Exhibit 2* at §§ 1 & 3(a).

19. Furthermore, under the terms of the Loan Agreement, Defendant was responsible for any and all fees incurred by the Original Lender (or any successor in interest to the Original Lender's rights under the Loan Documents) related to the Loan and the administration thereof, including, *inter alia*, fees associated with appraisals, underwriting, and inspections. *See Exhibit 1* at §§ 4.03(b) & 10.03.

20. Under the terms of the Original Note, the "Maturity Date" was defined as the date that was eighteen months after the date of the Original Note—*i.e.*, December 31, 2024. *See Exhibit 2* at § 3(a).

21. Under the terms of the Original Note, as long as Defendant was not in default under the Loan Documents, and subject to additional terms set forth in the Original Note, Defendant had the right to extend the Maturity Date for two additional six-month periods—*i.e.*, until December 31, 2025. *See Exhibit 2* at § 3(b).

22. By way of (i) that certain First Note Modification Agreement and Allonge by and between the Original Lender and Defendant dated December 30, 2024 (the "First Modification Agreement"); (ii) that certain Second Note Modification Agreement and Allonge by and between the Original Lender and Defendant dated June 30, 2025 (the "Second Modification Agreement"); (iii) that certain Third Note Modification Agreement and Allonge by and between the Original Lender and Defendant dated December 31, 2025 (the "Third Modification Agreement"); and (iv) that certain Fourth Note Modification Agreement and Allonge by and between the Original Lender and Defendant dated June 30, 2026 (the "Fourth Modification Agreement"), the Maturity Date was further extended to September 30, 2026. Copies of the First Modification Agreement, the Second Modification Agreement, the Third Modification Agreement, and the Fourth Modification Agreement (collectively, the "Modification Agreements") are attached hereto as *Exhibit 4*, *Exhibit 5*, *Exhibit 6*, and *Exhibit 7*, respectively. *See Exhibit 4* at § 4.1; *Exhibit 5* at § 4.1; *Exhibit 6* at § 4.1; *Exhibit 7* at § 4.1.

23. Each of the Modification Agreements required Borrower to pay an extension fee in order to extend the Maturity Date. *See Exhibit 4* at § 4.2; *Exhibit 5* at § 4.2; *Exhibit 6* at § 4.2; *Exhibit 7* at § 4.2.

**The Assignment**

24. By way of (i) that certain Assignment of Loan Documents dated April 30, 2026 (the "Loan Document Assignment"); and (ii) that certain Assignment of Beneficial Interest in

Mortgage and Leases and Rents dated March 31, 2026 (the "Mortgage Assignment"), the Original Lender assigned all of its rights and interest in and the Loan Documents and the Mortgage to Plaintiff. True and correct copies of the Loan Document Assignment and the Mortgage Assignment are attached hereto as *Exhibit 8* and *Exhibit 9*, respectively.

25. The Mortgage Assignment was duly recorded on April 21, 2026 with the Recorder of Deeds for Philadelphia County, Pennsylvania as Document No. 54543120.

**Defendant's Defaults**

26. Failure to pay any amount due under the Loan Documents, when such failure continues more than five days after a written notice to Defendant and Guarantor, constitutes an "Event of Default" under the Loan Agreement. *See Exhibit 1* at §§ 8 & 8.01.

27. The Loan Documents authorize Plaintiff to, *inter alia*, (i) assess late fees equal to seven percent (7%) of the amount due for any payment not received by Plaintiff within ten days of the applicable due date; and (ii) assess interest at a default rate of eighteen percent (18%) per annum on the outstanding principal amount upon occurrence of any Event of Default. *See Exhibit 2* at §§ 5 & 9(d).

28. Under the Loan Documents, Plaintiff is entitled to assess against and collect from Defendant any and all costs incurred in enforcement of Plaintiff's rights under the Loan Documents, including attorneys' fees. *See Exhibit 1* at § 10.03; *Exhibit 2* at § 12.

29. A "Default" under the Mortgage is defined as (i) any Event of Default under the Loan Agreement; or (ii) any failure to make any payment under the Loan Documents when such payment is due. *See Exhibit 3* at § 19.

30. Under the Mortgage, upon an occurrence of Default, Plaintiff is entitled to, *inter alia*, (i) foreclose on the Property for the full amount owed under the Loan Documents; and (ii) have a receiver appointed for the purpose of managing the Property. *See Exhibit 3* at § 20.2 & 20.5.

31. Defendant failed to make the monthly interest-only payment for September 2026.

32. Furthermore, Defendant failed to pay the full amount of principal, accrued but unpaid interest, and all other fees owed under the terms of the Loan Documents on or before September 30, 2026—*i.e.*, the Maturity Date.

33. By way of that certain letter dated October 9, 2026 from Plaintiff's counsel to Defendant and Guarantor (the "Default Notice"), Plaintiff provided Defendant and Guarantor with a written notice of the aforementioned payment defaults (as well as certain non-monetary defaults under the Loan Documents) and demanding that Defendant and/or Guarantor, *inter alia*, cure the aforementioned monetary defaults within five days of the date of the Default Notice—*i.e.* no later than October 14, 2026. A true and correct copy of the Default Notice is attached hereto as *Exhibit 10*.

34. As of the date of this filing, neither Defendant nor Guarantor cured the aforementioned monetary defaults.

35. As such, there exist Events of Default under the Loan Documents, as well as a Default under the Mortgage.

36. As of the date of this filing, the following amounts are due and owing under the Loan Documents:

| | |
|---|---|
| Unpaid Principal: | $8,426,108.09 |
| Accrued Interest: | $307,510.39 |
| Late Fees: | $608,109.21 |
| Other Unpaid Fees: | $108,150.00 |
| Costs of Collection: | $13,605.00 |
| **Total Due:** | **$9,463,482.69** |

**COUNT 1 – MORTGAGE FORECLOSURE**

37. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

38. Plaintiff (as the assignee of the Original Lender's rights and interest in and to the Loan Documents) and Defendant are parties to the Loan Documents, which set forth the parties' respective rights and obligations with respect to the Loan.

39. As set forth above, Defendant has defaulted on its obligations under the Loan Agreement, the Note, the Mortgage, and the other Loan Documents, which defaults constitute a Default under the Mortgage.

40. As a result of such Default, Plaintiff is entitled to foreclose on the Mortgage.

WHEREFORE, Plaintiff, PSG CR Lending, LLC (A) demands a judgment against Defendant, M&B YBL II LLC, in the amount of **$9,463,482.69**, together with interest that has accrued and continues to accrue at the default rate of eighteen percent (18%) per annum since the date of this filing, reasonable legal fees and costs incurred by Plaintiff, and all such other amounts as may be authorized under the Loan Documents; (B) requests that this Court authorize the

foreclosure and sale of the Property; and (C) further requests that this Court grants such other relief it deems just and proper.

Respectfully submitted,

**KURTZ AND PARTNERS P.C.**

Date: October 26, 2026

*/s/ Gleb Epelbaum*

Gleb Epelbaum, Esquire
Attorney I.D. No.: 320904
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA 19087
(610) 688-2855
gepelbaum@kurtzpartners.com
*Attorneys for Plaintiff,*
*PSG CR Lending, LLC*